**William JOHNSON, Appellant,**

v.

**CITY OF FAIRBANKS, Appellee.**

No. A–639.

Court of Appeals of Alaska.

July 26, 1985.

---

James H. Cannon, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James M. Mullen, Jr., Asst. City Atty., and Herbert P. Kuss, City Atty., Fairbanks, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

William Johnson was convicted in a jury trial of concealment of merchandise in violation of Fairbanks Code of Ordinances § 6.303(a).[1] He appeals to this court, arguing that the trial judge erred in allowing the city to impeach Johnson's credibility as a witness, under Alaska Rule of Evidence 609, because he had formerly been convicted for "a crime of dishonesty." We reverse Johnson's conviction.

Prior to trial Johnson moved for a protective order and asked the trial judge to prohibit the prosecution from inquiring whether he had formerly been convicted of concealment of merchandise. Johnson had been convicted of this offense in 1983. The trial court ruled that the prosecution could show that Johnson had formerly been convicted of "a crime of dishonesty" but concluded that it would be unduly prejudicial to allow the jury to know that Johnson's prior conviction was for the same crime for

which he was on trial. *Frankson v. State,* 645 P.2d 225 (Alaska App.1982). Johnson testified at his trial and the prosecution established that Johnson had formerly been convicted of "a crime of dishonesty."

Alaska Rule of Evidence 609 provides in relevant part:

*Impeachment by Evidence of Conviction of Crime.*

(a) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is only admissible if the crime involved dishonesty or false statement.

. . . .

(c) *Admissibility.* Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect.

The parties to this case have argued extensively about whether concealment of merchandise is a crime of "dishonesty or false statement." We find it unnecessary to resolve this issue to decide this case. We conclude that, even if we assume that concealment of merchandise is a crime involving "dishonesty or false statement," that the prejudicial effect of admitting Johnson's prior conviction outweighed the probative value of that evidence. A.R.E. 609(c).

The danger of admitting evidence of prior convictions was discussed by the supreme court in *Oksoktaruk v. State,* 611 P.2d 521, 524 (Alaska 1980):

The danger inherent in informing a jury that a defendant has committed a prior criminal act is self-evident: it is all too likely that a determinative inference

1. The ordinance provides:

(a) *Concealment of Merchandise.* It is unlawful for any person, without authority, wilfully to conceal upon or about his person or the person of another any merchandise or thing of value upon the premises where such merchandise or thing of value is kept for the purposes of sale, barter or storage. Any mer-

chandise or thing of value found concealed upon or about the person and which has not theretofore been purchased by the person is prima facie evidence of wilful concealment. It is not a violation of this section to cover up or conceal merchandise in any store-provided shopping cart or basket.

of present guilt will be drawn from the fact of the prior act, thus diluting the requirement that present guilt be proved beyond a reasonable doubt. [Footnote omitted.]

*McCormick* describes the problem in stronger terms:

If the accused is forced to admit that he has a "record" of past convictions, . . . there is an obvious danger that the jury, despite instructions, will give more heed to the past convictions as evidence that the accused is the kind of man who would commit the crime on [sic] charge, or even that he ought to be put away without too much concern with present guilt, than they will to the legitimate bearing of the past convictions on credibility. The accused, who has a "record" but who thinks he has a defense to the present charge, is thus placed in a grievous dilemma. If he stays off the stand, his silence alone will prompt the jury to believe him guilty. If he elects to testify, his "record" becomes provable to impeach him, and this again is likely to doom his defense.

E. Cleary, *McCormick on Evidence*, § 43, at 89 (2d ed. 1972).

Judge Crutchfield correctly reasoned that admitting a prior conviction for concealment of merchandise in a trial for concealment of merchandise would be unduly prejudicial. It is far too likely that the jury would draw the natural but prohibited conclusion that since Johnson had been convicted of concealment of merchandise before, he probably was guilty of concealment of merchandise this time. However, it also seems to us that allowing the prosecution to inform the jury that Johnson had formerly been convicted of "a crime of dishonesty" opens up a substantial possibility that the jury would conclude that Johnson's prior conviction was for a crime much more serious than concealment of merchandise. We believe that the jury's possible conclusion in this regard might very well have too great of an impact on the trial. We therefore conclude that Judge Crutchfield abused his discretion in allowing the

prosecution to show Johnson's former conviction.

The conviction is REVERSED.

SINGLETON, Judge, dissenting.

A majority of this court reverses Johnson's conviction for concealment of merchandise, finding that Judge Crutchfield abused his discretion in permitting Johnson to be impeached by evidence of a recent conviction for concealment of merchandise. This decision continues two disturbing trends in the jurisprudence of this court. The first trend is to ignore inconvenient decisions of the Alaska Supreme Court, *see Harris v. State*, 678 P.2d 397, 411 (Alaska App.1984) (Singleton, J., concurring and dissenting), *petition for hearing granted* (Alaska, May 30, 1984); and the second is to substitute this court's judgment for that of the trial court in matters which are within the trial court's discretion under Alaska Rule of Evidence 403, and by extension to this case, Evidence Rule 609(c). The result in this case is particularly disturbing because Johnson's prior concealment of merchandise conviction would have been admissible as substantive evidence rebutting Johnson's claim of innocent intent in this case without regard to impeachment under Evidence Rules 404(b) and 403. *See Lerchenstein v. State*, 697 P.2d 312, 315–16 (Alaska App.1985) (discussing the interplay between Alaska Rules of Evidence 404(b) and 403). Consequently, I dissent from the decision to reverse Johnson's conviction.

Clyde Gooden, a private security contractor working in Foodland in Fairbanks on April 20, 1984, testified that he saw William Johnson pick up a notebook and some filler paper, put them in his rear pocket concealing them from view, and proceed past the check-out stand. Johnson testified on his own behalf. He said he had gone to the Foodland to buy some motor oil and taken his four-year old son along. He learned that Foodland did not sell motor oil but noticed a small notebook and filler paper that he thought his wife might find useful. He picked the items up and, noticing his child had wandered off, went to

look for him. When he found his child he intended to reprimand the child and said that at that point he must have put the items in his pocket to free his hands. His child then ran off toward the back of the store with Johnson in pursuit. Johnson allegedly caught his child at the cash register and told him to wait while Johnson paid for the notebook and filler paper. The security officer then arrested him. Johnson denied any intention of taking the items without paying for them. It was in this context that on cross-examination Johnson was impeached with his prior conviction "for a crime of dishonesty," *i.e.*, the 1983 concealment of merchandise conviction.

The Alaska Supreme Court addressed the propriety of impeaching a defendant with a prior misdemeanor shoplifting conviction in *Richardson v. State*, 579 P.2d 1372 (Alaska 1978). The court's treatment of the issue should be dispositive in this case. The court said:

> Richardson requested from the court a protective order which would have prohibited the prosecuting attorney from impeaching Richardson by presenting evidence that he had been convicted of petty larceny (shoplifting) in 1974 [four years before Richardson's current trial]. The request was denied, and Richardson contends that this ruling was error. He argues that impeachment of a defendant

by a prior conviction violates due process, and that petty larceny is not a crime involving dishonesty or false statement within the meaning of Criminal Rule 26(f)(1) [identical in effect to current A.R.E. 609(a)].

> The same arguments were made and decided adversely to Richardson's contentions in our recent decision in *Lowell v. State*, 574 P.2d 1281 (Alaska 1978). In that decision we held that impeachment of a defendant by a prior conviction does not deny the defendant due process of law, and that larceny is a crime involving dishonesty or false statement.

> Richardson argues further that this decision has a chilling effect on the determination he had to make of whether or not to take the stand and testify in his own behalf, and that it resulted here in his not taking the stand. That was Richardson's choice. He was not required to testify on his own behalf. But if he had decided to do so, there is no reason that we can conceive why he should not be treated as any other witness, with full opportunity given to the state to cross-examine him and to impeach him with former crimes involving dishonesty or false statement under Criminal Rule 26. There was no error here.

*Richardson*, 579 P.2d at 1376–77.[1]

Alaska Rule of Evidence 609(c) provides:

> prima facie evidence of wilful concealment. It is not a violation of this section to cover up or conceal merchandise in any store-provided shopping cart or basket.

Also relevant are the definitions provided in Fairbanks Code of Ordinances, section 6.303(f)(5) and (6):

> (5) The word "wilfully," when applied to an act done, means that the act was done knowingly and intentionally and with a purpose. The word does not require in its meaning any intent to violate the law.
> (6) "Conceal" means to hide, withdraw, remove, cover, keep from sight, or shield from observation.

It seems to me that a reasonable interpretation of this ordinance is to construe it as a preparatory theft statute which requires that the perpetrator wilfully conceal the property from the store management. The concealment thus would be a form of nonverbal misrepresenta-

---

1. The majority's decision to assume "that concealment of merchandise is a crime involving 'dishonesty or false statement'" makes *Richardson* dispositive of this case. The more difficult question presented by the parties is whether the Fairbanks Municipal Assembly's decision to eliminate intent to permanently deprive the owner of the property as an element of the crime of concealment of merchandise somehow makes concealment of merchandise less dishonest. Section 6.303(a) of the Fairbanks Code of Ordinances provides in relevant part:

> (a) *Concealment of merchandise.* It is unlawful for any person, without authority, wilfully to conceal upon or about his person or the person of another any merchandise or thing of value upon the premises where such merchandise or thing of value is kept for the purposes of sale, barter or storage. Any merchandise or thing of value found concealed upon or about the person and which has not theretofore been purchased by the person is

Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect.

The rule is thus *in pari materia* with Evidence Rule 403, which permits a court to exclude relevant evidence if its prejudicial effect outweighs its probative value. Consequently, the proper standard for this court in applying both Rules 609(c) and 403 is to uphold the decision of the trial court "unless he acts arbitrarily or irrationally." *United States v. Long*, 574 F.2d 761, 767 (3rd Cir.), *cert. denied*, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978), *quoting United States v. Robinson*, 560 F.2d 507, 515 (2d Cir.1977) (*en banc*), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978). This is precisely the test the Alaska Supreme Court has always applied to trial court rulings on evidence. *Osborne v. State*, 623 P.2d 784, 789 (Alaska 1981). In contrast, this court consistently ignores the interpretation placed upon Evidence Rule 403 by the Alaska Supreme Court and the interpretation placed on the comparable federal rule by the federal courts, and instead freely substitutes its judgment on evidentiary rulings. *See, e.g., Jackson v. State*, 695 P.2d 227, 233–34, (Alaska App. 1985) (Singleton, J., dissenting); *Williamson v. State*, 692 P.2d 965, 974 n. 1 (Alaska App.1984) (Singleton, J., dissenting).

The result in this case is particularly inappropriate because Johnson's prior concealment of merchandise conviction would have been admissible to rebut his claim of innocent motive. Evidence Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, *or absence of mistake or accident*. [Emphasis supplied.]

This is not a case in which the prosecution attempted to use Johnson's prior conviction as part of its case-in-chief to show propensity. The prior conviction was not mentioned until Johnson had testified and disclosed his theory of the case, essentially that he had, through mistake or accident, placed the merchandise in his back pocket in order to free his hands to restrict his child. The prior concealment of merchandise conviction served to show Johnson's knowledge of the crime and rebut any claim of mistake or accident. In this regard it is important to distinguish the use of evidence for this purpose from its use to show propensity. Where evidence is offered to show propensity, the plausible but prejudicial inference is that if someone did an act before, he or she is more likely to have done a similar act now than someone who had not. Such evidence is relevant regardless of the defendant's theory of the case. In contrast, where a defendant has committed a specific offense and gone through the agony of apprehension, prosecution and conviction, the elements of the offense are seared into his memory and a

---

tion, and, in my view, qualify as a crime of fraud, dishonesty or *crimen falsi.*

While not noted by the parties, one other problem with this reference to "prima facie evidence of wilful concealment." Evidence Rule 303(b) states that a statute providing that a fact or group of facts is *prima facie* evidence of another fact establishes a "presumption within the meaning of this rule." Evidence Rule 303(a) sets out the effect to be given a presumption directed against an accused in a criminal case. Specifically, it states that "if the accused fails to offer evidence to rebut or meet the presumption, the court must instruct the jury that it may, but is not required to, infer the

existence of the presumed fact from the proved fact...." A.R.E. 303(a). It appears that this rule was not followed in the jury instructions used in this case, since jury instruction number 9 in effect required the jury to presume Johnson's guilt and placed on him the burden of disproving guilt by a preponderance of the evidence. This may be plain error. *See* Alaska R.Crim.P. 47(b). Were we contemplating affirmance I would have the parties brief this issue. The majority's decision to reverse opens up the possibility of retrial and, in the event of a retrial, I assume that the jury instructions will be accordingly reformed.

claim shortly thereafter that he innocently pocketed merchandise is substantially less believable.

The majority offers no reasons why the trial court abused its discretion under Evidence Rules 404(b) and 403 in this case that would not apply generally in shoplifting cases. If the majority is adopting a blanket rule barring impeachment by prior misdemeanor convictions, it is in direct conflict with *Richardson*. Further, viewing the trial court's ruling as a matter of discretion, it is hard to see an abuse in this case. The past conviction established Johnson's knowledge of the ordinance. In addition, it was highly material impeachment. It was hardly cumulative since there was no other impeaching evidence. Johnson's story is hardly so implausible that impeachment was unnecessary. How then can the majority conclude that the evidence was unnecessary or of low probative value? Of course any evidence that leads to conviction is prejudicial to that extent, but the emphasis in Evidence Rule 403 is on "unfair prejudice." Why was impeachment fair in *Richardson* but unfair in this case? The lack of any answer to these questions in the majority opinion suggests that its holding is intended to reflect a reading of Evidence Rules 403, 404(b) and 609(c) as a license to appellate courts to substitute their judgment for that of the trial court on the admissibility of evidence. The rules cannot be read that way. *See United States v. Long*, 574 F.2d 761, 766 (3rd Cir.), *cert. denied*, 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978) (discussing the proper roles of trial and appellate courts respectively in applying comparable Federal Rules of Evidence 404(b) and 403).