**CITY OF FAIRBANKS, Petitioner,**

v.

**William JOHNSON, Respondent.**

**No. S–1114.**

Supreme Court of Alaska.

Aug. 1, 1986.

Rehearing Granted in Part and Opinion Amended Sept. 5, 1986.

James M. Mullen, Deputy City Atty., Fairbanks, for petitioner.

James H. Cannon, Asst. Public Defender, Dana Fabe, Public Defender, Anchorage, for respondent.

David Mannheimer, Asst. Atty. Gen., Harold M. Brown, Atty. Gen., Juneau, as amicus curiae for the State of Alaska.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This petition arises from a decision of the court of appeals concluding that the trial court abused its discretion by allowing the prosecutor to impeach Johnson by reference to a prior conviction of a crime involving dishonesty. We reverse.

## I. FACTS AND PROCEEDINGS

William Johnson, accompanied by his four year old son, entered a Fairbanks supermarket on April 20, 1984. While in the store a security guard observed Johnson pick up a note book and filler paper and place them in his rear pocket. The guard confronted Johnson just past the checkout stands of the store where Johnson pulled the materials from his pocket and stated that he was going over to the stand to pay for them. Johnson was subsequently arrested and charged with concealment of merchandise in violation of Fairbanks Code of Ordinances (F.C.O.) § 6.303.[1]

Prior to trial Johnson's attorney requested a protective order which would bar the municipal attorney from impeaching Johnson with a 1983 conviction for the same offense. Johnson presented two arguments against the use of the prior conviction for impeachment purposes. First, the municipal ordinance had been amended to eliminate larcenous intent (i.e., the concealment need not be for the purpose of permanently depriving the owner of the property). Therefore, Johnson argued, the offense of concealment of merchandise was not a crime involving dishonesty and could not be used for impeachment within Evi-

---

1. Fairbanks Code of Ordinances, Section 6.303(a) provides:

    (a) Concealment of Merchandise. It is unlawful for any person, without authority, willfully to conceal upon or about his person or the person of another any merchandise or thing of value which is kept for the purposes of sale, barter or storage. Any merchandise or thing of value found concealed upon or about the person and which has not theretofore been purchased by the person is prima facie evidence of willful concealment. It is not a violation of this section to cover up or conceal merchandise in any store-provided shopping cart or basket.

dence Rule 609(a).[2] Second, impeachment of Johnson by reference to a prior conviction for the same crime for which he was on trial would be unduly prejudicial.

With respect to the first argument, the trial court ruled that concealment of merchandise was a crime of dishonesty under Evidence Rule 609(a) and was, therefore, an impeachable offense. Regarding the second argument, the court held that it would be unduly prejudicial to allow the jury to hear that Johnson's prior conviction was for the same crime for which he was now on trial. The court ruled to allow the impeachment, but to protect the defendant from undue prejudice the court confined the prosecutors' reference to the conviction at trial to a "crime of dishonesty."[3]

At trial Johnson took the stand in his own defense and testified to the following. Just as he had picked out the notebook and filler paper at the store, he looked around for his young son and couldn't find him. He then went looking for the boy and "must have put [the notebook] in [his] pocket." Johnson stated he finally caught up with his son at the check-out counters, and told his son, "Hold it right there. We got to pay for these." At this point, the security guard came up to Johnson and arrested him. Johnson concluded by asserting that he had "just put [the notebook] in my pocket", and that he never intended to leave without paying for it.

On cross-examination, the prosecuting attorney was allowed to ask Johnson:

Q. Are you telling the complete truth today?

A. To the best of my ability, I am.

Q. Isn't it true that just recently you were convicted of a crime of dishonesty?

A. Yes, it is true.

On redirect, Johnson explained that he had been intoxicated when he committed the previous crime, but that he was sober on the day of the incident at the supermarket. This was the only reference to Johnson's criminal record.

The trial judge gave two cautionary instructions concerning the evidence of Johnson's prior conviction. In Instruction 13, the judge told the jurors:

Evidence has been introduced for the purpose of showing that the defendant committed a crime involving dishonesty, other than that for which he is on trial.

Such evidence may not be considered by you to prove that he is a person of bad character or that he has a disposition to commit crimes.

Such evidence, if believed, may be considered by you only for the limited purpose of determining the credibility of the defendant's testimony.

For the limited purpose for which you may consider such evidence, you must weigh it in the same manner as you do all other evidence in the case.

You are not permitted to consider such evidence for any other purpose.

The next instruction, number 14, began with the following paragraph:

During your deliberations you are to consider the guilt or innocence of this defendant only in relation to the offense(s) charged and not whether (s)he or anyone else committed any other crime or crimes.

The jury found Johnson guilty of concealment of merchandise.

Johnson appealed. The issue raised before the court of appeals was whether concealment of merchandise was a crime of dishonesty for the purposes of Evidence Rule 609(a).

The court of appeals declined to decide this issue stating:

**2.** Alaska R.Evid. 609(a) provides:

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is only admissible if the crime involved dishonesty or false statement.

**3.** Defense counsel also requested that the court bar the security guard from testifying that he had prior contacts with the defendant because of the prior conviction, or that defendant was currently on probation for the same offense. The trial court barred the guard from mentioning these facts during the trial, reasoning that "cases should be concluded on their own merits and not be clouded by things in the past."

The parties to this case have argued extensively about whether concealment of merchandise is a crime of "dishonesty or false statement". We find it unnecessary to resolve this issue to decide this case. We conclude that, even if we assume that concealment of merchandise is a crime [of dishonesty], the prejudicial effect of admitting Johnson's prior conviction outweighed the probative value of that evidence.

*Johnson v. City of Fairbanks,* 703 P.2d 442, 443 (Alaska App.1985), *citing* Alaska R.Evid. 609(c).

The court of appeals found that the trial court abused its discretion in allowing the prosecution to show evidence of Johnson's prior conviction and reversed Johnson's conviction.

The City of Fairbanks (Fairbanks), joined by the State of Alaska (State) as *amicus curiae,* filed petitions with this court for a hearing on the court of appeals' decision. We granted the petitions. This opinion addresses the following two issues: 1) is concealment of merchandise a crime involving dishonesty for impeachment purposes; and 2) was it unduly prejudicial for Johnson to be impeached by reference to his prior concealment of merchandise conviction as a "crime involving dishonesty."

## DISCUSSION

### I. IS CONCEALMENT OF MERCHANDISE A CRIME INVOLVING DISHONESTY?

The first issue is whether concealment of merchandise, as defined by F.C.O. 6.303(a), is a crime involving dishonesty for impeachment purposes.

This court previously held that shoplifting is a crime involving dishonesty and may be used to impeach a criminal defendant. *Richardson v. State,* 579 P.2d 1372, 1376–77 (Alaska 1978). Johnson argues, however, that because the intent to permanently deprive another of property was eliminated from F.C.O. 6.303, concealment of merchandise is not a crime involving dishonesty. Fairbanks contends that concealment of merchandise is a crime involving

dishonesty because it requires an intentional trespassory taking, which is deceitful, even though it does not require proof of intent to permanently deprive.

The conference committee on Rule 609(a) of the Federal Rules of Evidence intended dishonesty and false statement to mean "crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement or false pretense, or any other offense in the nature of crimen falsi the commission of which involves some element of deceit, untruthfulness or falsification bearing on the accused's propensity to testify truthfully." J. Moore, Federal Practice, Rules Pamphlet Part 2, R 609 at 196 (1986). *See also Alexander v. State,* 611 P.2d 469, 475 (Alaska 1980). We have not held that *only* an offense which requires an intent to permanently deprive is admissible for impeachment purposes. As we discussed in *Alexander,* the key issue is whether the prior offense discloses the kind of dishonesty which would bear upon a person's tendency to testify truthfully.

The Fairbanks ordinance requires the willful concealment of merchandise. "Willfully" means that the act was done knowingly and intentionally and with a purpose. F.C.O. 6.303(f)(5). "Conceal" means to hide, withdraw, remove, cover, keep from sight, or shield from observation. F.C.O. 6.303(f)(6). Thus, to be guilty of the crime of concealment of merchandise the defendant must have intentionally hidden merchandise. The intentional hiding of merchandise from a merchant involves dishonesty and deceit. It therefore may be seen as probative of a person's truthful character. For this reason, we conclude that concealment of merchandise, as defined in F.C.O. 6.303(a), is a crime involving dishonesty and may be used for impeachment purposes.

### II. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN IT ALLOWED JOHNSON TO BE IMPEACHED BY A PRIOR CONVICTION FOR A CRIME INVOLVING DISHONESTY?

Having concluded that concealment of merchandise is an impeachable offense, the

next question is whether the trial court erred under Evidence Rule 609(c)[4] by allowing the prosecutor to impeach Johnson with evidence of his prior conviction by referring to the offense as a "crime involving dishonesty."

■ The court of appeals agreed with Johnson's contention that allowing the prosecution to inform the jury that Johnson had formerly been convicted of a "crime of dishonesty" opens up a substantial possibility that the jury would conclude that Johnson's prior conviction was for a crime much more serious than concealment of merchandise. *Johnson v. Fairbanks,* 703 P.2d at 444. The court reasoned that "the jury's possible conclusion in this regard might very well have too great of an impact on the trial" *id.,* and might be unduly prejudicial to Johnson under Evidence Rule Rule 609(c). The court of appeals, therefore, concluded that the trial court abused its discretion in admitting the evidence.[5] *Id.*

Our review of the trial court's ruling on this evidentiary matter is not influenced by the ruling of the court of appeals; rather, we independently review the issue to determine if there has been an abuse of discretion by the trial court. *See Jager v. State,* 537 P.2d 1100, 1106 (Alaska 1975). In *Lewis v. State,* 469 P.2d 689, 695 (Alaska 1970), this court held that one test of whether the trial court abused its discretion in ruling on the admissibility of evidence is whether the reasons given for the exercise of discretion are clearly untenable or unreasonable.

■ Evidence Rule 609(a) allows impeachment of a witness's credibility by evidence of a prior conviction for a crime involving dishonesty. Before allowing the evidence to be admitted, however, the trial judge is directed in 609(c) to weigh the probative value of the prior conviction against the prejudicial effect. "Prejudicial effect" means the tendency of the evidence to make the jury decide the case on an improper basis, e.g., overmastering hostility toward the defendant, or the feeling that the defendant is a bad person who should be punished regardless of the weight of the evidence in the particular case being litigated. *Adkinson v. State,* 611 P.2d 528, 532 n. 15 and accompanying text (Alaska 1980), *cert. denied* 449 U.S. 876, 101 S.Ct. 219, 66 L.Ed.2d 97 (1980). *See also* commentary to Alaska R.Evid. 403.[6]

---

**4.** Alaska R.Evid. 609(c) provides:

(c) Admissibility. Before a witness may be impeached by evidence of a prior conviction, the court shall be advised of the existence of the conviction and shall rule if the witness may be impeached by proof of the conviction by weighing its probative value against its prejudicial effect.

**5.** The issue of unfair prejudice was neither raised, briefed, nor argued by the parties before the court of appeals. Apparently the court of appeals raised and decided the issue *sua sponte.* Fairbanks contends the court of appeals erroneously decided the case on the issue of unfair prejudice because the parties were not given an opportunity to litigate the issue. On these grounds they urge this court to reverse.

This court has stated that the authority to decide a case on an unplead legal theory should be sparingly exercised. *State v. First National Bank of Anchorage,* 660 P.2d 406, 423 (Alaska 1982).

In particular it should only be used when the new theory applies to the transaction in issue, is related to the theories presented by the parties, and is necessary for a proper and just disposition of the case....

Where prejudice will result a court either should not employ a new theory or should take steps to eliminate the prejudice by giving notice that the new theory will be used and affording an opportunity to the parties to present evidence and arguments relevant to it. *Id.*

While we agree the court of appeals should have followed the rule previously set forth in *State v. First National Bank of Anchorage* and given notice of the new issue and afforded the parties an opportunity to present their arguments, we will not reverse the court of appeals on these grounds in this instance. Both parties have briefed the issue of unfair prejudice before this court. We will, therefore, decide the issue on the merits.

**6.** Alaska R.Evid. 403 provides:

Although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 requires the same balancing process as Rule 609(c) and must be construed in pari materia with 609(c).

Fairbanks and the state argue that the trial court did precisely what was required in Evidence Rule 609(c) by properly considering the prejudicial effect of Johnson's prior conviction before admitting it for a limited purpose in a limited form. We agree.

Before the trial began the trial judge stated several times that he wanted Johnson's case "decided on the merits." He refused, therefore, to allow the prosecutor to use the prior conviction during the case in chief. He ruled that the security guard (Mr. Gooden) could not testify concerning how he had previously met Johnson (the prior shoplifting arrest). Further, the judge refused to allow Gooden to testify that Johnson had pleaded with him to drop the charge because Johnson was already on probation.

After listening to the arguments of counsel on whether to admit the prior conviction for impeachment purposes, the judge ruled to allow the impeachment. However, apparently in response to the defense attorney's argument that the jury's knowledge of a prior shoplifting offense would be too prejudicial, the trial judge ruled that the prosecutor could not make reference to the prior conviction for concealment of merchandise by name. Instead, the court held that the prosecutor could only refer to the prior offense as "a crime of dishonesty." As the state suggests, this is similar to the course suggested by this court in *Alexander v. State,* 611 P.2d 469 (Alaska 1980).[7] Additionally, this type of limited reference to a prior offense was explicitly approved by the court of appeals in *Frankson v. State,* 645 P.2d 225 (Alaska App.1982).[8]

The state concludes by pointing out that not only was Johnson's trial judge apparently trying to follow the law established by this court and the court of appeals, but he went further and explicitly instructed the jury on the proper and improper use of the prior conviction evidence.[9]

■ We conclude that there are several persuasive reasons for supporting the trial court's decision to admit the evidence after weighing the probative versus prejudicial effect.

First, the need to test Johnson's credibility was high. Johnson's defense to the concealment of merchandise charge was mistake or inadvertence. He admitted that the merchandise was concealed from view, but he contended that he had unthinkingly concealed it while he was occupied with disciplining his child. The credibility of this explanation, and of Johnson as a witness, was important to the jury's resolution of the case.

Second, pursuant to Evidence Rule 609 the trial court allowed the evidence to be used only for the proper purpose of impeachment and not to show propensity. *See* Alaska R. Evid. 609(a) comment.

7. In *Alexander v. State,* 611 P.2d 469 (Alaska 1980) this court affirmed the use of a prior conviction of robbery for impeachment purposes. The court made it clear, however, that it was the larceny element of robbery which made the conviction admissible as impeachment, stating that the forcible nature of the taking was not probative of credibility and may have an inflammatory effect on the jury. Thus, the court noted that the defendant could have requested the court to restrict the prejudicial impact of the prior robbery conviction by referring to it as a "larceny type offense." *Id.* at 476 n. 18.

8. In *Frankson v. State,* 645 P.2d 225 (Alaska App.1982), the court of appeals took this court's suggestion in *Alexander* one step further. In *Frankson,* the defendant was charged with robbery and theft. He took the stand and was impeached with a prior conviction for the same crime, robbery, over objection that the trial court should only allow the prosecutor to refer to the prior offense as a "felony involving dishonesty or false statement." *Id.* at 228. The court of appeals reversed the conviction. It held that the trial court should have imposed the limitation suggested by the defense, because the prior conviction was for the same crime for which he was on trial, and the limitation would have helped to reduce any unfair prejudice that may have resulted from the admission of Frankson's prior conviction. *Id.*

9. The use of limiting instructions to reduce the possible prejudicial impact of evidence is specifically suggested as a consideration to be used by a judge when weighing the prejudicial versus probative impact of the evidence. *See* Alaska R.Evid. 403 comment.

Third, the trial judge took steps to alleviate the possible prejudicial effect of the impeachment by not allowing the jury to hear that the prior offense was for the same crime currently charged against Johnson and by giving cautionary instructions on the limited use of the impeachment evidence. This was in accord with Evidence Rule 105, the commentary to Evidence Rule 403, this court's suggestion in *Alexander,* and the court of appeals' holding in *Frankson.*

Fourth, "[i]f judicial self restraint is ever desirable, it is when a probative versus prejudice analysis of a trial court is reviewed by an appellate tribunal." *U.S. v. Long,* 574 F.2d 761, 767 (3d Cir.1978), *cert. denied* 439 U.S. 985, 99 S.Ct. 577, 58 L.Ed.2d 657 (1978). As the *Long* court stated:

> [I]t is manifest that the draftsmen intended that the trial judge be given a very substantial discretion in "balancing" probative value on the one hand and "unfair prejudice" on the other, and that he should not be reversed simply because an appellate court believes that it would have decided the matter otherwise because of a differing view of the highly subjective factors of (a) the probative value, or (b) the prejudice presented by the evidence.... The trial judge, not the appellate judge, is in the best position to assess the extent of the prejudice caused a party by a piece of evidence. The appellate judge works with a cold record, whereas the trial judge is there in the courtroom.

*Id.*

The trial judge in this case was in the court room and could directly observe the witnesses and closely assess the possible prejudicial effect the evidence would have on the jury. Accordingly, a great deal of discretion should be allowed the trial court in the probative versus prejudicial balancing analysis.

Given the evidence in the record and previous case law on the issue we cannot say the trial court's reasons for admitting the evidence were clearly untenable or unreasonable or that it abused its discretion in allowing Johnson to be impeached by reference to a prior conviction for a crime involving dishonesty.

■ As noted, the rationale used by the court of appeals was that telling the jury that Johnson has a prior conviction for a crime involving dishonesty had the potential to create in the jurors' minds an incorrect belief that the prior crime was of a much more serious nature than that presently involved. No objection raising this point was made at the trial level. If such an objection had been made, the trial court could well have agreed and modified the instruction so that the jurors were told that the prior crime was not more serious. However, in the absence of an objection, the instruction as given is reviewable only under the plain error standard. The requirements of that standard, that the mistake be obvious and that it create a high likelihood of injustice, *Miller v. Sears,* 636 P.2d 1183 (Alaska 1981), have not, for the reasons previously stated, been met.

The judgment of the court of appeals is REVERSED and the trial court's ruling is AFFIRMED.